UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MANUEL DE JESUS RAMOS RAMIREZ,
individually and on behalf of all others similarly situated,

                              Plaintiff,

            -against-

NJC RECYCLING CORP. and NICHOLAS COHEN and
JOHN COHEN, as individuals,
                              Defendants.
------------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL REQUESTED**

Plaintiff, **MANUEL DE JESUS RAMOS RAMIREZ**, individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiff") by his attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff, through undersigned counsel, brings this action against **NJC RECYCLING CORP. and NICHOLAS COHEN and JOHN COHEN, as individuals,** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment with the Defendants located at 63 Sewell Street, Hempstead, NY 11550.

2. Plaintiff also complains pursuant to the New York State Human Rights Law, New York State Executive Law §§ 296 *et seq.* ("NYSHRL") and seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated on the basis of his disability by Defendants.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiff's other state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES
### *The Plaintiff*

8. Plaintiff MANUEL DE JESUS RAMOS RAMIREZ residing at Uniondale, NY 11553 was employed by NJC RECYCLING CORP. from in or around September 2021 until in or around March 2023.

### *The Defendants*
### NJC Recycling Corp.

9. Defendant, NJC RECYCLING CORP. is a New York domestic business corporation, organized under the laws of the State of New York with a principal executive office located at 63 Sewell Street, Hempstead, NY 11550.

10. Upon information and belief, Defendant NJC RECYCLING CORP., is a New York domestic business corporation authorized to do business under the laws of New York.

### Nicholas Cohen and John Cohen

11. Upon information and belief, Defendants NICHOLAS COHEN and JOHN COHEN are the owners of NJC RECYCLING CORP.

12. Upon information and belief, Defendants NICHOLAS COHEN and JOHN COHEN are agents of NJC RECYCLING CORP.

13. Upon information and belief, Defendants NICHOLAS COHEN and JOHN COHEN are responsible for overseeing the daily operations of NJC RECYCLING CORP.
14. Upon information and belief, Defendants NICHOLAS COHEN and JOHN COHEN have power and authority over all the final personnel decisions of NJC RECYCLING CORP.
15. Upon information and belief, Defendants NICHOLAS COHEN and JOHN COHEN have the power and authority over all final, payroll decisions of NJC RECYCLING CORP., including the Plaintiff.
16. Upon information and belief, Defendants NICHOLAS COHEN and JOHN COHEN have the exclusive final power to hire the employees of NJC RECYCLING CORP., including the Plaintiff.
17. Upon information and belief, Defendants NICHOLAS COHEN and JOHN COHEN have exclusive final power over the firing and terminating of the employees of NJC RECYCLING CORP., including Plaintiff.
18. Upon information and belief, Defendants NICHOLAS COHEN and JOHN COHEN are responsible for determining, establishing, and paying the wages of all employees of NJC RECYCLING CORP., including the Plaintiff, setting their work schedules, and maintaining all their employment records of the business.
19. Accordingly, at all relevant times hereto, Defendants NICHOLAS COHEN and JOHN COHEN were Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.
20. At all times relevant to the allegations contained in the complaint, Corporate Defendant was, and is, an enterprise engaged in interstate commerce within the meaning of the FLSA in that NJC RECYCLING CORP. (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

### i. *Wage and Hour Allegations*

21. Plaintiff MANUEL DE JESUS RAMOS RAMIREZ was employed by NJC RECYCLING CORP. as a metal cutter while performing related miscellaneous duties for the Defendants, from in or around September 2021 until in or around March 2023.

22. Plaintiff MANUEL DE JESUS RAMOS RAMIREZ regularly worked approximately six (6) days per week during his employment with the Defendants.

23. Plaintiff MANUEL DE JESUS RAMOS RAMIREZ regularly worked a schedule of shifts beginning at approximately 7:00 a.m. each workday and regularly ending at approximately 8:00 p.m., six (6) days per week, from in or around September 2021 until in or around March 2023.

24. Thus, Plaintiff was regularly required to work approximately seventy-eight (78) hours or more hours per week from in or around September 2021 until in or around March 2023.

25. Plaintiff MANUEL DE JESUS RAMOS RAMIREZ was paid by Defendants a flat weekly rate of approximately $825.00 per week from in or around September 2021 until in or around March 2023.

26. Plaintiff was paid by Defendants exclusively in cash.

27. Although Plaintiff regularly worked approximately seventy-eight (78) hours or more hours per week from in or around September 2021 until in or around March 2023, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

28. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

29. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

30. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

31. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

32. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

### *ii. Discrimination Allegations*

33. On or around October 3, 2022, Plaintiff was doing his regular duties where he had to use a metal recycling machine when it malfunctioned, causing him to end up with a fractured finger.

34. Plaintiff then had to be rushed to the hospital and was advised by the doctor that he had to get stitches.

35. Plaintiff's doctor told him to take three (3) weeks off of work in order to heal his finger.

36. Plaintiff provided Defendants with supporting documentation so that Defendants were aware of his disability and limitations and required time off. However, the Defendants told the Plaintiff that he was only allowed to take a week off from work with no exceptions.

37. Defendants had also advised the Plaintiff not to get a lawyer because all of his medical expenses were going to be taken care of by the Defendants.

38. Thus, on October 10, 2022, Plaintiff returned to work and Defendants required him to perform his usual duties despite the restrictions given by his doctor and his injury being not fully healed yet.

39. Plaintiff never had the chance to fully recover from his injury since the Defendant required Plaintiff to perform his regular tasks within one week of the injury in direct contravention of Plaintiff's doctor's orders.

40. As a result, Plaintiff's injury never fully or properly healed.

41. In or around March 2023, the Defendants went to the workplace and instantly seemed annoyed with Plaintiff and asked him why he was not performing an assigned task.
42. Plaintiff explained to the Defendants that he had requested to put the aforementioned job on hold due to his injured hand which limited his ability to perform certain tasks as the injury had not yet fully healed. However, Defendants informed Plaintiff that they did not want to hear Plaintiff's explanation and told the Plaintiff to take his things and to go home.
43. The following day, when Plaintiff went to work, the Defendant approached the Plaintiff and stated, "I no longer have a job for you".
44. Defendants never paid Plaintiff's medical expenses, contrary to what they promised him.
45. Defendants forced Plaintiff to work through a medically documented injury and terminated Plaintiff as a result of his injury, which limited his abilities to perform some tasks.
46. Defendants chose to deny Plaintiff's reasonable accommodation of required time off to allow his injury to heal and terminated Plaintiff despite being aware of his condition and being provided with documentation for his condition.
47. Defendants improperly terminated Plaintiff as a result of his disabilities from injuries suffered while working rather than accommodate his temporary restrictions as a result of his disability.
48. Plaintiff has felt humiliated, degraded, emotionally distressed, devastated, and shocked at Defendants' blatant discrimination on the basis of his disabilities.
49. As a result of Defendants' discriminatory treatment, Plaintiff has suffered and will continue to suffer future loss of income/wages, loss of salary, loss of employment, special damages, inconvenience, loss of bonuses, benefits, and other compensation which such employment entails, loss of enjoyment of life, interference with his ability to mitigate his damages, depression, anxiety, fear, anger, emotional pain and suffering, and non-pecuniary losses.
50. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages as against all Defendants, jointly and severally.

## **COLLECTIVE ACTION ALLEGATIONS AS TO PLAINTIFF'S WAGE AND HOUR ALLEGATIONS**

51. Plaintiff brings this wage-and-hour action on behalf of himself, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are hereafter, the "Collective Class."

52. Collective Class: All persons who are or have been employed by the Defendants as metal cutters or any other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

53. Upon information and belief, Defendants employed approximately 12 to 20 employees or more during the relevant statutory period who Defendants subject(ed) to similar unlawful payment structures that violated applicable law.

54. Defendants suffered and permitted Plaintiff - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation.

55. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.

56. Defendants had knowledge that the Plaintiff and the Collective Class regularly performed work requiring overtime pay.

57. Defendants' conduct as set forth in this Complaint was willful and in bad faith - and has caused significant damages to Plaintiff, as well as the Collective Class.

58. Defendants are liable under the FLSA for failing to properly compensate Plaintiff, and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

59. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

60. The claims of Plaintiff are typical of the claims of the whole putative class.

61. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.
62. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

63. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
64. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).
65. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
66. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
67. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).
68. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.
69. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

70. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
71. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

72. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

73. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

74. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

75. Defendants failed to provide Plaintiff with wage statements, upon each payment of his wages, as required by NYLL §195(3).

76. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

### FOURTH CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

77. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

78. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

79. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

### FIFTH CAUSE OF ACTION FOR DISCRIMINATION
**Violation of the Requirements of the New York State Executive Law**

80. Plaintiff repeats, reiterates, and re-alleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

81. The New York State Executive Law § 296(1)(a) provides in pertinent part:

> *It shall be an unlawful discriminatory practice: For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, **disability**, predisposing genetic characteristics, familial status, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.*

82. Defendants violated this section as set forth herein.

## SIXTH CAUSE OF ACTION
### Violation of the Requirements of the New York State Executive Law

83. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

84. New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

85. Defendants violated this section as set forth herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Declaring that Defendants engaged in unlawful employment practices prohibited by the NYSHRL, and NYLL in that Defendants discriminated against Plaintiff on the basis of his disability;

c. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and to otherwise make him whole for any losses suffered as a result of such unlawful employment practices;

    d.   Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

    e.   Awarding Plaintiff punitive damages;

    f.   Awarding Plaintiff's unpaid overtime wages;

    g.   Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

    h.   Awarding Plaintiff prejudgment and post-judgment interest;

    i.   Awarding Plaintiff, the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all questions of fact raised by the complaint.

Dated:  September 28, 2023
           Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MANUEL DE JESUS RAMOS RAMIREZ, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

NJC RECYCLING CORP. and NICHOLAS COHEN and JOHN COHEN, as individuals,

Defendants,

**COLLECTIVE ACTION COMPLAINT**

*Jury Trial Demanded*

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for the Plaintiff*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

To:

*Service via Secretary of State and Personal Service:*
**NJC RECYCLING CORP. (NYDOS ID# 5019852)**
63 Sewell Street, Hempstead, NY 11550

**NICHOLAS COHEN**
63 Sewell Street, Hempstead, NY 11550

**JOHN COHEN**
63 Sewell Street, Hempstead, NY 11550